(C. D. 183)

J. S. STAEDTLER, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 19, 1939)

*Strauss & Hedges* (*Howard C. Carter* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations of artists' pencils. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 50 cents per gross and 25 per centum ad valorem under the provision in paragraph 1549 (a) of said act for "pencils stamped with names other than the manufacturers' or the manufacturers' trade name or trade-mark."

The plaintiff offered in evidence the testimony of Raymond J. Urmston, its president. The Government introduced no evidence herein.

The said witness produced a sample representing the articles covered by item 1018 wherever appearing on the invoice, which sample was admitted in evidence as Exhibit 1. He testified that the letter "H" thereon represents the degree of hardness of the lead; that the number 1018 represents the item number of the pencil; that the name "J. S. Staedtler" on said pencil represents the name of the manufacturer; that there is no connection between J. S. Staedtler and J. S. Staedtler, Inc., the plaintiff herein; that the letters thereon "Mars" belong to the manufacturer whereas the word "Lumograph" also appearing thereon is a name which belongs to the plaintiff. As evidence of its claim to such ownership of that word, the plaintiff produced trade-mark registration 298943 which was admitted in evidence as Exhibit 2.

Most of the testimony on cross-examination was admitted by the trial court over the objection of counsel for the plaintiff, whose objections were based on the ground that the question as to whether or

not Exhibit 1 was a mechanical pencil was not properly before the court inasmuch as counsel for the Government did not abandon the classification of the pencils as manufactures of metal not specially provided for, made by the collector, and the further fact that no such claim was made in the plaintiff's protest.

On his cross-examination the witness testified that Exhibit 1 was not a metal pencil filled with lead, but a wooden pencil filled with lead; that the body of the pencil was composed of wood; that it was not an automatic pencil; that it was sharpened by protruding the lead which was a separate part; that the lead was inserted into the rear of the pencil and when the desired amount was allowed to protrude the clamp was tightened; and that Exhibit 1 had no mechanical features, the lead merely being held by a metal clamp.

As pointed out in the brief of counsel for the plaintiff filed herein, the question whether or not the pencil represented by Exhibit 1 herein is a mechanical pencil was decided in the case of *Irving P. Favor* v. *United States*, T. D. 46829, 65 Treas. Dec. 65. It was there held that certain artists' pencils identical with those here involved were not mechanical pencils within the meaning of paragraph 1550 of the Tariff Act of 1930, as classified by the collector. It was there pointed out that of the four witnesses who appeared therein three "were united in saying that in the trade a mechanical pencil is one which has a mechanism inside for the propelling of the lead." It was found that the pencils there under consideration did not have such a device. As observed by the court "the evidence is convincing that the class of pencils known as mechanical pencils does not include the artists' pencils in issue."

Furthermore, we deem it immaterial whether or not the instant pencils are composed chiefly of metal, since apparently the tariff act provides for but three types of pencils: (1) ordinary wooden pencils, (2) mechanical pencils, and (3) clutch or clamp pencils. An examination of the evidence herein and of the sample (Exhibit 1) convinces us that the imported pencils are clutch or clamp pencils.

As aptly stated by counsel for the plaintiff in their brief, the question whether or not Exhibit 1 is marked with a name other than the name of the manufacturer is *stare decisis*. In *United States* v. *Irving P. Favor*, 24 C. C. P. A. 399, T. D. 48854, the court held that the provision for pencils stamped with names other than that of the manufacturer, or the manufacturer's trade name or trade-mark, includes pencils stamped with a name not the manufacturer's, even though the name of the manufacturer also appears on the pencil. In the instant case it is uncontradicted that the word "Lumograph" is a name or trade-mark owned by someone other than the manufacturer. Therefore, pencils so stamped are pencils stamped with a name other than

the manufacturer's or the manufacturer's trade name or trade-mark, within the meaning of said paragraph 1549 (a).

The only remaining question to be considered is whether the last clause of said paragraph 1549 (a) includes pencils admittedly in chief value of metal. It is true that the first clause of said paragraph is limited to pencils of paper, wood, or other material not metal; but between that clause and the third, here invoked by the plaintiff, there are two semicolons and an intervening clause. By no rule of grammatical construction can it be held that the provision for pencils stamped with names other than the manufacturers' or the manufacturers' trade name or trade-mark is limited by the words "of paper, wood, or other material not metal." The very structure of the paragraph negatives any such contention.

We are therefore of the opinion that the artists' pencils represented by Exhibit 1 herein are properly classifiable under the second to the last clause of said paragraph 1549 (a), and accordingly we hold as a matter of law that said pencils are dutiable thereunder at the rate of 50 cents per gross and 25 per centum ad valorem, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.